# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

JOSEPH A BADAGLIACCA,

    Petitioner,

v.                                                      CASE NO. 1:09-cv-00152-MP-GRJ

WALTER A MCNEIL,

    Respondent.

_____/

## O R D E R

       This matter is before the Court on Doc. 22, the Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas corpus under 28 U.S.C. § 2254 be denied. The plaintiff filed objections, Doc. 25, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).

       In a very well written and thorough Report and Recommendation, the Magistrate Judge analyzes and rejects each of petitioner's twenty-four grounds for relief. After a de novo review, the Court expressly adopts the reasoning and language of the Report and Recommendation for each ground and will discuss each only briefly here.

       In Ground One, the petitioner argues that trial counsel failed to fully inform his client that the plea agreement he was entering into contained a clause that the proffered statement, only given to the prosecution prior to the court's acceptance of the terms of the agreement. would be subject to use in a subsequent trial even in the event that the terms of the plea agreement were not satisfied. In his objections, petitioner goes further and alleges, "Throughout the proceedings,

no one ever questioned my understanding of the terms or conditions of that agreement, even though they knew I was a young, first-time offender, with no previous exposure to the criminal justice system." Doc. 25, p. 4.  The record belies this statement, however.  First, the written agreement itself is clear; the agreement provided that if he violated the agreement by refusing to testify against a co-defendant, then "any statements made by the Defendant through the proffer or testimony described herein may be used against him . . . although no statements made by the Defendant to the Court solely as a part of and during the execution of this plea agreement may be so used." App. Exh. A at 63-64.  Second, the state court held an evidentiary hearing on this issue and a detective who was present at a meeting where the plea was explained to petitioner testified that the prosecuting attorney "told [petitioner] that by signing this agreement that he would be available for testimony at any time . . . . If he did not testify then any statements that he had made would be used against him in a trial which they were trying for a first degree murder charge." App. Exh. Z.  The detective further testified that Petitioner said he understood that.  Thus, petitioner's statement in his objections that the detective "testified about <u>his</u> understanding of the agreement as well as <u>his</u> belief of what *I* understood" is belied by the record.  Doc. 25, p. 5 (underlining and italics in original).  The detective did not testify simply that the detective believed the petitioner understood the language in the plea, the detective testified that the petitioner heard an explanation of this portion of the plea agreement and that petitioner stated he understood the language.  Based on this exchange, the state court found that petitioner understood that the proffer could be used against him later if he breached the plea agreement.  The undersigned agrees with the Magistrate Judge that this is was an objectively reasonable determination of the facts and that the state court decision to reject an ineffectiveness claim based on this was not contrary to, or an unreasonable application of, federal law.

In Ground Two, petitioner attacks the state court decision to admit his proffer and two confessions he made to police. The undersigned agrees with the Magistrate Judge and the state court that, for the reasons discussed with regard to Ground One, petitioner understood the proffer to be a requirement of the already-signed plea agreement, and not merely a part of plea negotiations. Also, the record confirms that he received proper <u>Miranda</u> instructions and that his two confessions were made voluntarily, knowingly and intelligently.

In Ground Three, the petitioner argues that his counsel was ineffective for failing to call him as a witness during the suppression hearing on the proffer and the two confessions. The Court agrees with the Magistrate Judge and the state court that given the evidence in the record before the court, (1) having the petitioner testify about his subjective beliefs regarding the proffer and the voluntariness of the confessions would not be likely to produce a different outcome; and (2) counsel's strategy to focus on the timing of the plea agreement with regard to the proffer was reasonable although not ultimately successful.

In Ground Four, petitioner alleges that his counsel was ineffective during the plea colloquy by conducting the colloquy himself instead of allowing the trial judge to do so, and by failing to inquire whether petitioner knew "all of the consequences of giving the proffered statement or its ability to be used against him in any subsequent proceeding" and failed "to address the 'minimum' and 'maximum' sentences for the charges his client was entering a plea to." As discussed above, the factual finding that petitioner understood that the proffer could be used against him was not unreasonable. Additionally, the record shows that petitioner was, in fact, advised of the penalties he faced. App. Exh. W at 144-45.

In Ground Five, petitioner contends that his counsel should have challenged his jury-trial conviction and sentence on double jeopardy grounds because the state court's acceptance of his

plea was not based upon any contingencies or requirements in the plea agreement. The state postconviction court properly rejected this claim because it concluded that petitioner entered a conditional plea, that he breached a condition of the plea, and the double jeopardy clause does not bar reprosecution of a defendant who refuses to perform a condition of a guilty plea. Therefore, counsel did not err by failing to object on double jeopardy grounds, as such objection would have been unsuccessful. App. Exh. W. at 148 (citing Brown v. State, 367 So.2d 616, 623 (Fla. 1979)).

With regard to Ground Six, the Court agrees that the state court's conclusion that petitioner did not allege any specific prejudice from the delay of his trial was not contrary to, or an unreasonable application of, Strickland. The state court correctly noted that petitioner did not assert a speedy trial right, and that rather than causing the petitioner prejudice the delay actually allowed his counsel to complete preparation of petitioner's defense for trial. Petitioner has not shown that counsel offered unreasonable reasons for seeking continuances. On this record, petitioner has not shown that the state court's rejection of this ineffective-assistance claim was contrary to, or an unreasonable application of, Federal law.

In Ground Seven, petitioner alleges that his counsel was ineffective for failing to tell him that he could have been sentenced as a youthful offender under Fla. Stat. § 958.04. Under that statute a youthful offender must be between 18 and 21 and must not be convicted of a capital or life felony, and the Court cannot impose more than a six-year sentence. Although petitioner was 20, and thus within the age range, the petitioner was facing a capital felony, for first degree murder. The only reason he was able to plea to second degree murder was the plea agreement by the government. The petitioner has not demonstrated any possibility that the government would have agreed to a plea to second degree murder where the youthful offender statute would apply.

Instead, the only offer made was for 55 years.  Because there is no real possibility that the youthful offender statute would apply to petitioner in this case, there is no error by counsel for not discussing the statute with petitioner.

The Court agrees with the Magistrate Judge that the state court was not unreasonable in finding that no ineffective assistance of counsel occurred with regard to the arguments raised in Ground Eight, as the jury instructions given advised the jury to consider the accomplice's testimony warily and because the weight of the evidence against petitioner was so great that no prejudice can be shown from admission of the accomplice's plea documents.

Ground Nine was properly rejected by the Magistrate Judge, as the state court reasonably concluded that the prosecutor did not improperly attempt to base a claim of home invasion robbery on the theft of a truck outside the residence.  Instead, the state argued, and the evidence supported, the theft of many items from inside the residence.

Grounds Ten through Twelve were properly rejected because no evidence at trial showed that petitioner attempted to withdraw from the home invasion robbery, just that he did not want to be the first in through the window.  The testimony at trial uniformly depicted petitioner as actively participating in the killing.

Ground Thirteen was properly rejected because no juror would be confused by the jury instruction and actually believe that petitioner could be convicted of felony murder simply if an escape from a home invasion robbery occurred.  Instead, the instruction makes clear that the jury must find that the "death occurred as a consequence of, and while the defendant ...was escaping from the scene of a home invasion robbery."  Doc. 22, p. 30.

Ground Fourteen was properly rejected because the evidence in the case conclusively showed that petitioner and his co-defendants were not freely allowed to enter the victim's

residence.  Thus, declining to request an instruction on permission was not prejudicial to petitioner.

Ground Fifteen was properly rejected because petitioner did not offer any information as to why counsel's failure to reinvestigate matters investigated by pretrial counsel was prejudicial.  Additionally, the record flatly contradicts petitioner's claim in his objections that "[t]here was no pretrial preparation, no investigation, and no defense presented."  Doc. 25, p. 18.

Ground Sixteen was properly rejected as each piece of evidence was relevant, reliable, and not overly prejudicial.  Counsel was not ineffective for failing to raise objections that would not have been successful.

Ground Seventeen was properly rejected because the overwhelming evidence at trial negated any theory that petitioner withdrew from the home invasion.  The testimony pointed to by petitioner merely showed that petitioner had "chickened out" from being the first to enter the residence but did not contradict the other testimony that he later participated fully in the killing.

Ground Eighteen was properly rejected as the state court's finding that the crime scene photographs were not unduly prejudicial was not unreasonable.

Ground Nineteen was properly rejected because none of the prosecutor's comments were even improper or inaccurate and no prejudice flowed from them.  Thus, counsel was not ineffective for decline to raise objections to the statements.

Ground Twenty was properly rejected because petitioner admitted in his reply, Doc. 19, p. 76, that "the claims raised in my twentieth ground are somewhat repetitive of issues that were already raised."  For the reasons that they were rejected elsewhere, Ground Twenty was properly rejected.

Ground Twenty One claimed counsel was ineffective for not raising insanity or voluntary

intoxication defenses.  It was properly rejected because petitioner stated in his reply, Doc. 19, p. 76, "Respondent makes a compelling argument as to why I may *not* have been entitled to those defenses.  As such, I concede that my attorney may not have been ineffective for failing to advise me of defenses that would not produce an acquittal at trial."

For the reasons given above, none of the Grounds constituted error.  Thus, Grounds Twenty Two and Twenty Three, which point to the cumulative effect of court and counsel errors, were properly rejected.

Finally, Ground Twenty Four was properly rejected as Petitioner conceded in Doc. 19, p. 80, that this Ground did not warrant further review.

For the above reasons, it is hereby

**ORDERED AND ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge is accepted and incorporated herein.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Clerk is directed to close the file.

**DONE AND ORDERED** this *28th* day of September, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:09-cv-00152-MP-GRJ*